IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TEXIENNE PHYSICIANS MEDICAL ASSOCIATION, PLLC,** | § § § § § | |
| **Plaintiff,** | § | |
| V. | § § | CIVIL ACTION NO. 4:21-cv-04200 |
| **CIGNA HEALTHCARE OF TEXAS, INC.** | § § § § | |
| **Defendant.** | § § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Cigna Healthcare of Texas, Inc. ("Cigna") files this Notice of Removal of Civil Action brought against it by Plaintiff Texienne Physicians Medical Association, PLLC ("Plaintiff" or "TPMA"). The grounds in support of this Notice of Removal are as follows:

1. **The State Court Action, Pleadings and Service.** On November 1, 2021, Plaintiff filed its Original Petition (the "Complaint") against Cigna in the 284th Judicial District Court of Montgomery County, Texas, under Cause No. 21-11-15225 (the "State Court Action").[1]  A true and correct copy of the Complaint is attached as Exhibit A.

2. Cigna was served with or otherwise received a copy of the Complaint on November 29, 2021.  A true and correct copy of the citation received by Cigna is attached hereto as Exhibit B.

---

[1] Pursuant to LR 81 of the Local Rules of the United States District Court for the Southern District of Texas, Cigna has attached to this Notice of Removal as Exhibits A through G:  (A) Plaintiff's Original Petition; (B) Citation received by Cigna; (C) the State Court Docket Sheet; (D) Defendant Cigna Healthcare of Texas, Inc.'s Original Answer; (E) Docket Control Order; (F) a list of all counsel of record; and (G) a copy of the Notice being filed in the State Court Action.  Cigna has also attached an index of documents being filed with the Notice of Removal.

3. To avoid the entry of a default judgment against it, Cigna filed its Original Answer in the State Court Action on December 20, 2021. A true and correct copy of Cigna's Original Answer is attached hereto as Exhibit D.

4. The State Court entered a Docket Control Order on December 20, 2021. A true and correct copy of a State Court's Docket Control Order is attached hereto as Exhibit E.

5. Among other allegations in the Complaint, Plaintiff asserts a claim for relief under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461.

6. Specifically, Plaintiff alleges the following in the Complaint:

- "Cigna [] administered one or more health plans subject to the U.S. Employee Retirement Income Security Act of 1974 ("ERISA")."[2]

- "TPMA also provided services to patients insured by employee health benefit plans administered by Cigna under contract with the sponsor of those plans. TPMA obtained assignments of benefits from those patients as well and therefore has standing to assert the right of those patients to payments under the various employee health benefit plans against the plans and, where applicable, against Cigna."[3]

- "Cigna failed to administer the plan for the benefit of the plan beneficiaries and is directly liable to pay the claims."[4]

- "Cigna failed to properly adjudicate the claims and to provide proper written notice of how it adjudicated the claims."[5]

- "Because Cigna failed to meet its duties under ERISA, the Court may award TPMA attorney fees Pursuant to 29 U.S.C. 1132(g)(1)."[6]

Based on Plaintiff's allegations, Plaintiff is complaining about Cigna's administration, adjudication, and payment of medical claims under the terms of ERISA-governed health benefits plans. As such, the Complaint necessarily raises a federal claim in character because Plaintiff is

---

[2] See Ex. A, Complaint at ¶ 16.
[3] See id. at ¶ 6.
[4] See id. at ¶ 19.
[5] See id. at ¶ 20.
[6] See id. at ¶ 21.

seeking relief under ERISA's civil enforcement provision. Therefore, the State Court Action may be removed to this Court because it arises under the laws of the United States.

7. **This Notice is Timely Pursuant to 28 U.S.C. § 1446(b).** This Notice of Removal of Civil Action is timely pursuant to 28 U.S.C. § 1446(b) because the State Court Action is being removed within the thirty day period after the date Cigna was served with or otherwise received a copy of the Complaint.

8. **Plaintiff's Civil Action Arises Under the Laws of the United States.** Plaintiff's Complaint asserts a cause of action under 29 U.S.C. § 1132(a)(1)(B), the civil enforcement provision of ERISA.[7] Plaintiff also seeks the recovery of attorneys' fees in connection with its ERISA benefits claims under 29 U.S.C. § 1132(g)(1).[8] District courts have original jurisdiction of all civil actions arising under the laws of the United States such as ERISA, and the State Court Action therefore may be removed to this Court.[9] Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e) and the matter is one that may be removed pursuant to 28 U.S.C. §1441(a) and controlling case law.[10]

9. Alternatively, if any of Plaintiff's state law claims are found not to be completely preempted, all of the claims in this case are part of the same case or controversy, and this Court has supplemental jurisdiction over those state law claims, if any. *See* 28 U.S.C. § 1367(a).

10. **Notice Filed in the State Court.** Promptly after filing this Notice of Removal, Cigna will provide written notice of removal to Plaintiff and will file a copy of the Notice of Removal with the 284th Judicial District Court of Montgomery County, Texas, as provided by

---

[7] *See id.* at ¶ 16.
[8] *See id.* at ¶ 21.
[9] *See* 28 U.S.C. § 1331 (original jurisdiction); 28 U.S.C. § 1441(a) (removal).
[10] *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (holding state court action asserting only state law causes of action relating to alleged failure to pay a claim for benefits under an employee benefit plan constitutes a federal question and is removable to federal court).

law. A true and correct copy of the Notice being filed with the 284th Judicial District Court of Montgomery County, Texas, is attached hereto as Exhibit G.

WHEREFORE, Cigna Healthcare of Texas, Inc. prays that the State Court Action be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

OF COUNSEL:
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203

By: */s/ Mitchell A. Reid*
MITCHELL A. REID
Texas Bar No. 24037346
SDOT No. 34728
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: (303) 839-3800
Telecopier: (303) 839-3838
mreid@spencerfane.com

ATTORNEY-IN-CHARGE FOR DEFENDANT
CIGNA HEALTHCARE OF TEXAS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2021, the foregoing document was e-filed with the Court and served on the undersigned through the Court's e-filing system:

Steven J. Mitby
smitby@seilermitby.com
Kenna M. Seiler
kseiler@seilermitby.com
Michael K. Barnhart
mbarnhart@seilermitby.com
Seiler Mitby, PLLC
2700 Research Forest Drive, Suite 100
The Woodlands, Texas 77381

*/s/ Mitchell A. Reid*
Mitchell A. Reid