# EXHIBIT A

Case 4:21-cv-04200   Document 1-3   Filed on 12/28/21 in TXSD   Page 2 of 6

Received and E-Filed for Record
11/1/2021 6:37 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Chelsey Lyn

CAUSE NO. 21-11-15225 _____

| | | |
|---|---|---|
| TEXIENNE PHYSICIANS MEDICAL ASSOCIATION, PLLC | § § § | IN THE DISTRICT COURT OF |
| V. | § § | MONTGOMERY COUNTY, TEXAS |
| CIGNA HEALTHCARE OF TEXAS, INC | § § § | Montgomery County - 284th Judicial District Court <br> \_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Texienne Physicians Medical Association, PLLC ("TPMA") (hereinafter referred to collectively as "Plaintiff" or "Texienne") and files this Original Petition against Cigna Healthcare of Texas, Inc. ("Cigna") and in support thereof shows as follows:

### I. PARTIES

1. Texienne Physicians Medical Association, PLLC ("TPMA") is a Texas professional limited liability company with principal offices at 9303 Pinecroft Dr., Ste 280, Montgomery County, TX.

2. Defendant Cigna Healthcare of Texas, Inc. is a Texas corporation with its principal place of business at 900 Cottage Grove Rd., Hartford, CT 06125. It may be served via its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter because the amount in controversy exceeds its minimum jurisdictional requirements. Venue is proper under Section 15.002 of the Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to the claims occurred in Montgomery County, Texas and contractual obligations of both Plaintiff and Defendant was to be performed in substantial part in Montgomery County. This Court has general and specific personal jurisdiction over Cigna because it is domiciled in Texas.

Venue is proper under ERISA as Cigna's breach of its obligation to pay TPMA occurred in Montgomery County, Texas.

4. Plaintiffs request that the Court order a Level 2 Discovery Control Plan.

5. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek damages within the jurisdictional limits of this Court, including monetary relief between $250,000 and $1,000,000.

## IV. FACTS

6. TPMA is a large physician group practice with numerous offices in Texas. TPMA began operations as a Physician Group in late 2016. From inception, TPMA provided services to patients insured by Cigna and obtained assignments of these insurance benefits from those patients. TPMA therefore has standing to assert the right of those patients to payments under those policies. TPMA also provided services to patients insured by employee health benefit plans administered by Cigna under contract with the sponsor of those plans. TPMA obtained assignments of benefits from those patients as well and therefore has standing to assert the right of those patients to payments under the various employee health benefit plans against the plans and, where applicable, against Cigna.

7. TPMA has fully complied with its obligations to receive payment from Cigna and timely submitted clean claims for reimbursement by Cigna. However, Cigna has failed to pay TPMA for clean claims in excess of $250,00.00. Certain of these claims were for in-network services provided to Cigna's subscribers.

## V. CLAIMS AGAINST DEFENDANT

*Breach of Contract*

8. Plaintiff incorporates the foregoing paragraphs as if fully set forth here.

2

9. Cigna was contractually obligated to pay Plaintiff for the healthcare services provided to Cigna's subscribers.

10. Plaintiff fully performed under the contracts.

11. Cigna materially breached its statutory and contractual obligations by improperly denying Plaintiffs' "clean claims" for covered medical services.

12. For in-network claims, Cigna was also statutorily obligated to pay the "clean claims" submitted by Plaintiff pursuant to § 843.342 of the Texas Insurance Code.

13. Because Cigna failed to timely pay Plaintiff's claims, Plaintiff is entitled to statutory penalties and interest under Texas Insurance Code § 843.336, *et seq.*

14. Plaintiff has suffered damages as a result of Cigna's breaches and is entitled to recover it reasonable and necessary attorney's fees incurred to prosecute this matter.

*Liability under ERISA*

15. Plaintiff incorporates the foregoing paragraphs as if fully set forth here.

16. Cigna also administered one or more health plans subject to the U.S. Employee Retirement Income Security Act of 1974 ("ERISA"). Under ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), a health plan participant or beneficiary may bring a civil action to recover benefits due under the terms of the plan and to enforce rights under the terms of the plan.

17. Plaintiff obtained assignments of benefits from patients insured by Cigna and TPMA may sue derivatively to enforce the benefits due under each insured's plan.

18. For in-network claims under policies or plans governed by ERISA, Cigna failed to properly pay the benefits due under the terms of the respective plans. The Physician Group Agreement and the Provider Agreement govern the claims submitted to Cigna for services provided to ERISA beneficiaries. Cigna was contractually obligated to pay benefits at a specified

3

reimbursement rate for the reasonable and customary charges, as set forth in each member's plan and the Provider and Physician Group Agreements.

19. Cigna failed to administer the plan for the benefit of the plan beneficiaries and is directly liable to pay the claims.

20. Cigna failed to properly adjudicate the claims and to provide proper written notice of how it adjudicated the claims. Therefore, all administrative remedies are deemed to be exhausted.

21. Because Cigna failed to meet its duties under ERISA, the Court may award TPMA attorney fees pursuant to 29 U.S.C. 1132(g)(1).

## VI. DAMAGES

22. Each of the unlawful acts alleged above has proximately caused damages to Plaintiff. Plaintiff suffered and will continue to suffer in the future, actual damages, direct and consequential, including without limitation lost profits in the past and in the future, and damage to goodwill.

## VII. CONDITIONS PRECEDENT

23. All conditions precedent to Plaintiff's recovery have been performed or have occurred under contract and under ERISA.

## IX. PRAYER

24. Plaintiff prays that Cigna be cited to appear and answer herein, and that upon final trial, the Plaintiff recover the following from the Defendant:

- All actual damages suffered by Plaintiff, an amount which is excess of the minimum jurisdictional limit of the Court;

- Costs of suit, pre-judgment and post judgment interest in the maximum amount allowed by law;

- Statutory penalties and interest;

- Attorney's fees; and

- Any and all other relief Plaintiff may be entitled to at law or in equity.

Respectfully submitted,

SEILER MITBY, PLLC

*/s/ Steven J. Mitby*
Steven J. Mitby
State Bar No. 24037123
smitby@seilermitby.com
Kelly D. Clark
State Bar No. 24094781
kclark@seilermtiby.com
Michael K. Barnhart
State Bar No.
mbarnhart@seilermitby.com
2700 Research Forest Drive, Suite 100
The Woodlands, Texas 77381
(281) 419-7770
(281) 419-7791 – Telecopier

ATTORNEYS FOR PLAINTIFF